<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>

No. 13-4099

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 30, 2014
DEBORAH S. HUNT, Clerk

DANIEL L. RITTNER, SR., )
)
    Plaintiff-Appellant, )
) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR
) THE NORTHERN DISTRICT OF
JESSE J. WILLIAMS, Warden, et al., ) OHIO
)
    Defendants-Appellees. )

<u>O R D E R</u>

Before: COOK and KETHLEDGE, Circuit Judges; HOOD, District Judge.[*]

Daniel L. Rittner, Sr., an Ohio prisoner proceeding pro se, appeals the district court's judgment dismissing his civil rights complaint, filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C). Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In June 2013, Rittner filed his complaint against the Ohio Department of Rehabilitation and Correction; Allen Correctional Institution ("ACI"); ACI Wardens Jesse Williams, John Coleman, and Kevin Jones; ACI Assistant Warden Ray Schaublin; Victim Services employee D. Hall; Unit Manager Administrator and Americans With Disabilities Act ("ADA") Coordinator Brooke Featheringham; Health Care Administrator Kris Edwards; Collegial Review Board ("CRB") members Andrew Eddy, (F/N/U) Arnold, and John Gardner; and other unknown officers and employees of ACI and the attorneys representing those individuals. Rittner alleged

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

that the CRB was deliberately indifferent to his serious medical needs because it refused to authorize prescribed treatment and care for his diagnosed medical conditions, resulting in pain and suffering, mental anguish, loss of use of one or both arms, potential blindness, and impairment of major life activities. He also contended that the denial of treatment constituted retaliation for his filing of grievances, complaints to the state medical board, and lawsuits. Rittner further alleged that: (1) Williams, Coleman, Jones, Schaublin, and Hall interfered with his right to access the courts; (2) Featheringham failed to diligently respond to his accommodation requests; (3) his disabilities prevented him from participating in rehabilitation re-entry programs that were necessary for favorable parole consideration; and (4) Edwards chilled him from exercising his rights under the ADA. Rittner sought declaratory, injunctive, and monetary relief. He also requested permission to proceed in forma pauperis.

The district court denied Rittner's motion to proceed in forma pauperis and dismissed his case without prejudice. It noted that Rittner had previously filed at least eight civil actions in federal court that were dismissed as frivolous or for failure to state a claim for relief. It further found that Rittner failed to demonstrate that he was in imminent danger of physical harm. Rittner filed a motion for reconsideration, which the district court denied. The district court granted leave to proceed in forma pauperis on appeal.

On appeal, Rittner argues that the district court abused its discretion in determining that he failed to demonstrate that he was in imminent danger of serious physical injury. Rittner has filed motions to appoint counsel, stay the case pending a ruling on the motion to appoint counsel, remand the case, proceed in forma pauperis, and waive service of his motion to proceed in forma pauperis.

We review for an abuse of discretion a district court's denial of pauper status. *See Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988). A district court abuses its discretion when it "relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Fisher v. City of Memphis*, 234 F.3d 312, 316 (6th Cir. 2000) (internal quotation marks omitted).

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added). Rittner does not challenge the district court's finding that three or more of his prior lawsuits have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Accordingly, he has abandoned any challenge to that finding. *See Guilmette v. Howes*, 624 F.3d 286, 292 (6th Cir. 2010) (en banc).

Despite Rittner's three strikes, he was entitled to proceed in forma pauperis if he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Although pauper status may be denied when a prisoner's claims of imminent danger are conclusory, ridiculous, or clearly baseless, "the imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal alterations and quotation marks omitted). Thus, in determining whether a pro se prisoner qualifies for the imminent danger exception, the court should construe the complaint liberally and accept the factual allegations as true. *See id.* Although a prisoner may not rely solely on allegations of past dangers, "alleging a danger of serious physical injury as a result of being presently denied adequate medical treatment for a chronic illness satisfies the imminent-danger exception." *Id.* at 582-83, 585.

The district court abused its discretion in determining that Rittner's allegations of imminent harm were vague and conclusory. Rittner alleged in his complaint that the CRB interfered with and delayed treatment and care ordered by his treating physicians by denying: (1) his request to repair his TENS unit; (2) two ordered MRIs; (3) one "EMG"; (4) neurology and orthopedic consultations; and (5) prescribed medications. He alleged that the denial of this treatment resulted in "torturous pain and mental anguish"; caused him to lose the use of his arms and hands; and impaired his abilities to care for himself, perform manual tasks, lift, sleep, stand, walk, bend, concentrate, think, and walk. At least some of these claims were supported by exhibits attached to Rittner's complaint. Rittner also alleged that the CRB delayed the provision

of medical care and failed to authorize adequate treatment for symptoms of a detached retina, resulting in the potential for blindness, glaucoma, retinal detachment, optic neuritis, cataracts, diabetic retinopathy, floaters, photo phobia, and vitreous detachment. These allegations are neither vague nor conclusory, but instead, identify specific actions that resulted in specific harms. *See id.* at 587. The allegations also are not clearly ridiculous or baseless, especially in light of the supporting exhibits that Rittner attached to his complaint. Finally, the allegations were based on present harms that Rittner was suffering, rather than harm that had occurred in the past.

The district court also clearly erred in finding that "the thrust of Rittner's complaint is that he disagrees with the medical opinions of the staff at ACI." As Rittner explains in his appellate brief, he fully agrees with the treatment prescribed by his treating physicians. This is apparent from the face of his complaint, which alleged that the CRB prevented him from receiving medications and care that his treating physicians prescribed. Moreover, although claims based upon a disagreement over the appropriateness of medical treatment may be insufficient to state an Eighth Amendment claim, the only relevant inquiry for determining if a prisoner with three strikes may proceed in forma pauperis is whether the complaint sufficiently alleges that the prisoner is in imminent danger of serious physical injury. Accordingly, because Rittner's complaint contained specific allegations that he was in imminent danger of serious physical injury due to the defendants' denial of adequate medical treatment for his diagnosed medical conditions, the district court abused its discretion in dismissing Rittner's complaint pursuant to § 1915(g). *See id.* at 582-83.

For the foregoing reasons, the district court's judgment is vacated, and the case is remanded for further proceedings. All pending motions are denied.

                                      ENTERED BY ORDER OF THE COURT

                                      Deborah S. Hunt, Clerk